UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAVONE GLASS,

                Movant,

     -vs-

UNITED STATES OF AMERICA,

                Respondent.

_____

**DECISION AND ORDER**

**Civil Case No.
No. 6:16-cv-6457-MAT**

**Criminal Case
No. 6:08-cr-6006-MAT**

## INTRODUCTION

Javone Glass ("Glass" or "Movant"), proceeding pro se has filed his first motion pursuant to 28 U.S.C. § 2255 ("Section 2255"), seeking an order vacating and correcting his sentence based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson").

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.  The Judgment of Conviction at Issue Here

Movant appeared before United States District Judge Charles J. Siragusa on January 7, 2008, in USA v. Glass, No. 6:08-cr-6006CJS, and entered guilty pleas to a four-count information charging him as follows:

- Count I - conspiracy to obstruct commerce by robbery in violation of 18 U.S.C. § 1951(a), which is Hobbs Act robbery;
- Count II - possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1));
- Count III - carrying a firearm during a drug trafficking crime (i.e., Count II) and a crime of violence (i.e., Count I – Hobbs Act robbery)) in

> violation of 18 U.S.C. § 924(c)(1); and
> • Count IV – being a convicted felon in possession of
>   a firearm in violation of 18 U.S.C. § 922(g)(1).

With respect to the § 924(c) Hobbs Act robbery in Count III, the Presentence Investigation Report ("PSR") states in Paragraph 7 that the charge involved both a drug trafficking crime (Count II) and a crime of violence (Count I). See PSR, Docket No. 49 in USA v. Glass, No. 08-CR-6006CJS.

Movant was sentenced on June 8, 2011, to 30 months' imprisonment on Counts I, II and IV, those sentences to run concurrently; and to 27 months' imprisonment on Count III, that sentence to run consecutively to the other sentences, for an aggregate sentence of 57 months

Movant was released from prison on August 30, 2012. On December 17, 2012, he was arrested for violating the conditions of his supervised release by possessing a firearm as a convicted felon. See PSR in USA v. Glass, 13-CR-6087CJS.

## II.  Movant's Supervised Release Violation

On June 5, 2013, in USA v. Glass, No. 6:13-cr-6087CJS, Movant pled guilty to a new felony charge of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1), and to one count of violating his conditions of supervised release. Movant was sentenced to 96 months' imprisonment, which reflects a sentence of 71 months' imprisonment for the new felony conviction and 25 months' imprisonment for the supervised release violation, which

were ordered to run consecutively.

### III. **The Section 2255 Motion**

On or about July 1, 2016, Movant commenced the instant Section 2255 proceeding, arguing that his conviction for violating 18 U.S.C. § 924(c) in Count III in Case No. 6:08-cr-6006CJS should be vacated in light of

Johnson.

After Respondent filed papers opposing the motion, the Court requested further briefing from Respondent, which Respondent has provided. Although afforded the opportunity to do so, Glass did not file any reply papers. For the reasons discussed below, Glass' Section 2255 motion is denied.

**DISCUSSION**

Movant contends that under Johnson, his Hobbs Act robbery conviction on Count I in Case No. 6:08-cr-6006CJS is no longer a crime of violence under 18 U.S.C. § 924(c)(3), and therefore his Section 924(c) conviction on  Count III under Section 924(c)(1) should be vacated.

Section 924(c)(1)(A) of Title 18 U.S.C. provides for increased penalties for

> any person who, during and in relation to *any crime of violence **or** drug trafficking crime* (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the

-3-

punishment provided for such crime of violence or drug trafficking crime. . . ."

18 U.S.C. § 924(c)(1)(A) (emphasis supplied).

As noted above, in connection with Count III, Movant pled guilty to carrying a firearm, during and in relation to a drug trafficking crime (Count II, possession with intent to sell cocaine base) *and* a crime of violence[1] (Count I, Hobbs Act robbery), both of which he could have been (and was) prosecuted for in a court of the United States. Even assuming that Johnson forecloses Hobbs Act robbery from being considered a crime of violence for purposes of Section 924(c)(3),[2] his conviction under Section 924(c)(1) is unaffected. Since Movant only needs to have carried a firearm during the course of committing *either* a drug trafficking crime *or* a crime of violence; he does not need to have carried a firearm during the course of committing a drug trafficking crime *and* a crime of violence. See 18 U.S.C. § 924(c)(1)(A). Movant has not alleged any constitutional infirmity with regard to his conviction on Count II, which charged him with a violation of 21 U.S.C. § 841(a)(1). Section 841(a)(1) clearly constitutes a "drug

---

[1]

For purposes of Section 924(c), the term "crime of violence" "means an offense that is a felony and--(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

[2]

The Second Circuit recently held that Hobbs Act robbery is a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3). United States v. Hill, 832 F.3d 135, 138 (2d Cir. 2016), pet. for reh'g filed, United States v. Hill, 14-3872 (2d Cir. Sept. 16, 2016).

-4-

trafficking crime" for purposes of Section 924(c).[3] Because Movant admitted that he also carried the firearm in furtherance of a "drug trafficking crime," his conviction on Count III still would stand, regardless of whether Hobbs Act robbery remains a "crime of violence" following Johnson.

Movant also argues that if his Section 924(c)(1) conviction on Count III is vacated in Case No. 6:08-cr-6006CJS, he would not have to serve the 25-month sentence imposed in Case No. 6:13-cr-6087CJS for his supervised release violation. Having found no basis on which to vacate the conviction on Count III, the Court finds Movant's additional contention to be without merit.

## CONCLUSION

For the reasons discussed above, the Section 2255 Motion filed by Javone Glass is **denied**. The Clerk of the Court is ordered to close this case.

**IT IS SO ORDERED.**

**S/ Michael A. Telesca**

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     October 31, 2016
           Rochester, New York

---

[3]     For purposes of Section 924(c), the term "drug trafficking crime" "means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).