UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JAVONE GLASS, | **DECISION AND ORDER** |
| Movant, | **Civil Case No.** |
| -vs- | **No. 6:16-cv-6457-MAT** |
| UNITED STATES OF AMERICA, | **Criminal Case** |
| Respondent. | **No. 6:08-cr-6006-MAT** |

---

## INTRODUCTION

Javone Glass ("Glass" or "Movant"), proceeding pro se, filed his first motion on [date] pursuant to 28 U.S.C. § 2255 ("Section 2255"), seeking an order vacating and correcting his sentence based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson"), which the Court denied on October 31, 2016. On November 9, 2016, Glass filed a Motion for Reconsideration, arguing that the Court failed to consider his Reply to the Government's Supplemental Response to his Section 2255 Motion. The Court, in reviewing the docket, has determined that it inadvertently overlooked Glass's Response (Dkt #77), which was received and filed on the same day that the Section 2255 Motion was deemed submitted (October 27th). The Government, in its Response to the Motion for Reconsideration, has indicated that it does not object to the Court considering Movant's Response and filing an amended decision and order, and states that in such case, it will rely on its prior submissions.

For the reasons discussed below, the Court denies the Motion for Reconsideration.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

**I.  The Judgment of Conviction at Issue Here**

Movant appeared before United States District Judge Charles J. Siragusa on January 7, 2008, in <u>USA v. Glass</u>, No. 6:08-cr-6006CJS, and entered guilty pleas to a four-count Information that charged him as follows:

- Count I: Movant, on October 17, 2007, "conspire[d] with others . . . to obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce, and the movement of articles and commodities in commerce, as that term is defined in [18 U.S.C. §] 1951(b)(3), in particular, by the robbery of assets, including controlled substances, from individuals engaged in the unlawful possession and distribution of controlled substances, including cocaine. . . [a]ll in violation of [18 U.S.C. §] 1951(a)[1]";

- Count II: On October 17, 2007, Movant "did knowingly, intentionally and unlawfully possess with intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base . . . [a]ll in violation of [21 U.S.C. §§] 841(a)(1) and 841(b)(1)(B);

- Count III: On October 17, 2007, Movant, "during and in relation to a drug trafficking crime . . . , that is, a violation of [21 U.S.C. §] 841(a)(1), as set forth in Count II of this Information, and a crime of violence . . . , that is, a violation of [18 U.S.C. §] 1951(a), as set forth in Count I of this Information, the allegations of each are

---

[1]

"The Hobbs Act provides that '[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do' has committed a crime." <u>United States v. Celaj</u>, 649 F.3d 162, 168 (2d Cir. 2011) (quoting 18 U.S.C. § 1951(a) (2006); brackets in original).

>     incorporated herein by reference, did knowingly and
>     unlawfully carry firearms . . . [a]ll in violation
>     of [18 U.S.C. §] 924(c)(1);
>
> • Count IV: Between January 2007, and October 2007,
>     Movant, "having been convicted on or about the 27th
>     day of June 2003 in County Court, Monroe County,
>     New York, of a crime punishable by imprisonment for
>     a term exceeding one year, unlawfully did knowingly
>     possess, in and affecting commerce, firearms, . . .
>     [a]ll in violation of [18 U.S.C. §] 922(g)(1).

(See Information, Docket No. 16 in USA v. Glass, No. 08-CR-6006CJS). With respect to the crime charged in Count III, the Presentence Investigation Report ("PSR") states in Paragraph 7 that the charge involved both a drug-trafficking crime (Count II) and a crime of violence (Count I). (See PSR, Docket No. 49 in USA v. Glass, No. 08-CR-6006CJS).

Movant was sentenced on June 8, 2011, to 30 months' imprisonment on Counts I, II and IV, those sentences to run concurrently; and to 27 months' imprisonment on Count III, that sentence to run consecutively to the other sentences, for an aggregate sentence of 57 months.

The Government states that Glass was released from prison on August 30, 2012. The Government does not explain why Glass was released after serving only 449 days, or 1 year, 2 months, and 22 days, of his 57-month sentence. The Government cites only to the PSR in the separate criminal case (USA v. Glass, No. 6:13-cr-6087CJS) involving his subsequent supervised release violation. However, the PSR in that matter is sealed, and the Court was not able to access it on the case docket.

In any event, it is apparent that Glass was released from incarceration short of serving his sentence of 57 months, and he was arrested on December 17, 2012, for violating the conditions of his supervised release. (See 6/5/13 Felony Information in USA v. Glass, 13-CR-6087CJS (alleging that Glass, having been convicted on or about June 8, 2011, in the W.D.N.Y., of crimes punishable by imprisonment for a term exceeding one year, on December 17, 2012, possessed one Glock, Model 22, .40 caliber pistol, bearing serial number RG165US).

**II.   Movant's Supervised Release Violation**

On June 5, 2013, in USA v. Glass, No. 6:13-cr-6087CJS, Movant appeared before Judge Siragusa and pled guilty to a new felony charge of illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1), and to one count of violating his conditions of supervised release. Movant was sentenced to 96 months' imprisonment, which reflects a sentence of 71 months' imprisonment for the new § 922(g)(1) conviction, and 25 months' imprisonment for the supervised release violation; these sentences were ordered to run consecutively. Movant is presently serving these sentences.

## DISCUSSION

**I.   Overview of the Parties' Arguments**

Movant first contends, based on United States v. Wallace, 447 F.3d 184 (2d Cir. 2006), that the conviction on 18 U.S.C. § 924(c)(1) ("§ 924(c)(1)") in Count III of the original indictment should be deemed to rest solely on the conspiracy to commit Hobbs

Act robbery charged in Count I. He then argues that under Johnson, his conviction on Count I for Hobbs Act conspiracy is no longer a "crime of violence" under 18 U.S.C. § 924(c)(3). Finally, Movant contends that Johnson "renders the crime of violence definition contained in [18 U.S.C.] § 924(c)(3)(B) void for vagueness, and that, insofar as the predicate offense underlying Count III [i.e., Hobbs Act conspiracy] fails under that definition, his conviction on that count must be vacated." (Dkt #77, p. 1).

The Government argues that even if the predicate offense underlying Count III is not a crime of violence, that count remains valid. In support of its argument, the Government contends, it also rests on drug trafficking crime that properly can serve as a predicate for a conviction under § 924(c)(1),[2] which provides that a person violates this section if he carries a firearm in furtherance of a crime of violence *or* drug trafficking crime. (Dkt #75, p. 4). The Government further argues that even assuming that Movant, in Count III, did "not plead guilty to carrying a firearm in furtherance of a drug trafficking crime (Count II), and only pled guilty to carrying a firearm in furtherance of Hobbs Act

---

[2] Section 924(c)(1) of Title 18 U.S.C. provides for increased penalties for

> any person who, during and in relation to *any crime of violence **or** drug trafficking crime* (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime. . . ."

18 U.S.C. § 924(c)(1)(A).

robbery [sic]³ (Count I), Hobbs Act robbery is still a crime of violence for purposes of his § 924(c) conviction and is not affected by Johnson." (Dkt #75, p. 4-5 (citing United States v. Elvin Hill, 14-3872, ___ F. App'x ___, 2016 WIL 4129228 (2d Cir. Aug. 3, 2016)).⁴ The Government states further that even if Count III were vacated, it would have no practical effect on Movant's sentence. (Dkt #75, p. 5).

Movant argues that the Government is incorrect, insofar as "a single § 924(c) count cannot rest on multiple predicate offenses, and the Court should deem the offense underlying Count III to be the Hobbs Act conspiracy alleged in Count I." (Dkt #77, p. 2). In addition, Movant contends, Johnson does apply to Count III "because the predicate offense is Hobbs Act conspiracy, which falls under the residual clause of § 924(c), a provision which is clearly void for vagueness under the rule announced in Johnson." (Id.). Finally, Movant asserts that regardless of whether vacatur of Count III would affect the length of his sentence, he "suffers continuing legal consequences of his conviction [on Count III]," (id.), and therefore Section 2255 relief is warranted.

---

³ Movant correctly points out that his conviction in Count I is for *conspiracy to commit* Hobbs Act robbery, not, as the Government states, completed Hobbs Act robbery. The PSR in this matter makes this clear.

⁴ The Court notes that counsel for Hill filed a petition for rehearing en banc on September 16, 2016. In his petition for rehearing, Hill argues that the panel's ruling upholding § 924(c)'s residual clause conflicts with the 2015 Johnson decision and Welch v. United States, 136 S. Ct. 1257 (2016), and further that the panel's ruling on § 924(c)'s force clause conflicts with Johnson v. United States, 559 U.S. 133 (2010). As of the date of this Decision and Order, the Government attorneys have not responded to Hill's petition, and the Second Circuit has not ruled on the petition.

## II. Threshold Jurisdictional Issue

Article III, Section 2 of the United States Constitution limits the exercise of Federal judicial power to "cases" and "controversies." U.S. CONST. art. III, § 2. This Court has "an independent obligation to ensure that developments in the case have not rendered the [case] moot." United States v. Williams, 475 F.3d 468, 479 (2d Cir. 2007) (citation omitted).

A criminal case does not necessarily become moot when the inmate completes his sentence. United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999). Instead, "the case will remain a live case or controversy if there exists 'some concrete and continuing injury' or 'collateral consequence' resulting from the conviction." Id. (quotation omitted). In cases involving a challenge to the criminal conviction itself, the Supreme Court "has been willing to presume the existence of" sufficient collateral consequences, or to "count collateral consequences that are remote and unlikely to occur." Id. (quotations and internal quotation marks omitted). Although Glass has completed his sentence imposed for his conviction of Count III in August 2012, his challenge to the underlying conviction on Count III therefore is not moot, and will be discussed further infra in Section III.

The Second Circuit has declined to presume the existence of collateral consequences when a defendant challenges an already completed sentence, since comparable civil disabilities generally do not arise from the length of a sentence, as opposed to an actual

conviction. See United States v. Mercurris, 192 F.3d 290, 293-94 (2d Cir. 1999) ("Mercurris does not proffer, nor are we aware of any civil disabilities which attend the longer sentence he served as a result of the district court's application of the aggravated felony enhancement. Accordingly, we decline to adopt a presumption of collateral consequences.") (citing Spencer v. Kemna, 523 U.S. 1, 14 (1998) (declining to extend the presumption to a case involving a habeas petitioner's challenge to a parole revocation where the petitioner had finished serving his entire sentence)). Here, to the extent Glass challenges the length of his sentence for his conviction of Count III, he does not present a "live case or controversy" because the record reflects he completed that sentence on August 30, 2012. His present incarceration is based on his 2013 convictions for violating the terms of his supervised release and for possessing a firearm as a convicted felon. The validity of these convictions has not been challenged at any time.

**III. Movant's Argument that His Conviction Under Count III for Violating Section 924(c)(1) is Duplicitous**

Movant's claim that he is entitled to relief under Johnson depends first on the Court determining that his conviction under Count III is duplicitous because it charges "two or more 'separate and distinct' offenses,"
In re Gomez, 830 F.3d 1225, 1227 (11th Cir. 2016) (quotation omitted), here, carrying and possessing a firearm during or in relation to a crime of violence *and* a drug trafficking crime, in

violation of § 924(c)(1). In Gomez, 830 F.3d 1225, the defendant was charged with conspiracy to possess with intent to distribute cocaine (Counts 1 and 2); conspiracy to commit Hobbs Act robbery (Count 3); attempted Hobbs Act robbery (Count 4); carrying and possessing a firearm "in relation to a crime of violence and a drug trafficking crime" in violation of § 924(c)(1)•(Count 5); and being a felon-in-possession of a firearm (Count 6). Like Glass, Gomez was only charged with one count of § 924(c)(1). The Eleventh Circuit noted that Gomez's indictment, which listed "'a crime of violence and a drug trafficking crime' as the companion convictions for his § 924(c) offense," "suffer[ed] from th[e] infirmity" of duplicitousness. Gomez, 830 F.3d at 1227.

Regarding the potential "'dangers' that may lurk in indictments that list multiple potential predicate offenses in a single § 924(c)," the Eleventh Circuit explained that

> [i]t is certainly possible that the government may have presented evidence that Gomez "possessed" a firearm at some point during the ongoing Hobbs Act conspiracy. But, the evidence may likewise have shown that he left that firearm at home for the drug trafficking crimes, or the attempted robbery. And we can't know what, if anything, the jury found with regard to Gomez's connection to a gun and these crimes. That is because *the jurors had multiple crimes to consider in a single count*, so they could have convicted Gomez of the § 924(c) offense without reaching unanimous agreement on during which crime it was that Gomez possessed the firearm. Or, they could have unanimously agreed that he possessed a firearm at some point during the Hobbs Act conspiracy, but not during the drug trafficking crime. *Either way, a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses,*

> *all of predicate offenses, or guilty of conspiring during some and not others.*

In re Gomez, 830 F.3d at 1227 (emphases supplied). Glass contends that the same duplicitousness concerns raised in Gomez are present in his Information. Therefore, he asserts, the Court must determine which of the two "distinct offenses charged in Count III" should be considered to be his "offense of conviction," and submits that it should be the § 924(c)(1) offense "predicated on the Hobbs Act conspiracy" in Count I, rather than the drug trafficking crime alleged in Count II. Glass states that "the record does not reflect" whether he admitted to using a firearm in relation to a drug trafficking crime or in relation to the conspiracy to commit Hobbs Act robbery. (Dkt #77, p. 4).

The Government asserts that with regard to Count III, Glass affirmatively "admitted to carrying a firearm in furtherance of both a 'drug trafficking crime' (Count II) and a 'crime of violence' (Count I Hobbs Act robbery)." Therefore, the Government contends, even if Hobbs Act robbery is no longer a "crime of violence" under Johnson, Glass's § 924(c)(1) conviction would still stand based on his admission that he also carried the firearm in furtherance of a "drug trafficking crime". The Government does not provide a citation for this assertion.

While the transcript of the plea colloquy before Judge Siragusa has not been filed electronically on the docket, the Plea Agreement, signed by Glass and his attorney on January 7, 2008, has

> *all of predicate offenses, or guilty of conspiring during some and not others.*

In re Gomez, 830 F.3d at 1227 (emphases supplied). Glass contends that the same duplicitousness concerns raised in Gomez are present in his Information. Therefore, he asserts, the Court must determine which of the two "distinct offenses charged in Count III" should be considered to be his "offense of conviction," and submits that it should be the § 924(c)(1) offense "predicated on the Hobbs Act conspiracy" in Count I, rather than the drug trafficking crime alleged in Count II. Glass states that "the record does not reflect" whether he admitted to using a firearm in relation to a drug trafficking crime or in relation to the conspiracy to commit Hobbs Act robbery. (Dkt #77, p. 4).

The Government asserts that with regard to Count III, Glass affirmatively "admitted to carrying a firearm in furtherance of both a 'drug trafficking crime' (Count II) and a 'crime of violence' (Count I Hobbs Act robbery)." Therefore, the Government contends, even if Hobbs Act robbery is no longer a "crime of violence" under Johnson, Glass's § 924(c)(1) conviction would still stand based on his admission that he also carried the firearm in furtherance of a "drug trafficking crime". The Government does not provide a citation for this assertion.

While the transcript of the plea colloquy before Judge Siragusa has not been filed electronically on the docket, the Plea Agreement, signed by Glass and his attorney on January 7, 2008, has

been filed. It states in relevant part that "the defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

> a) That during October 2007, in the city of Rochester, Monroe County, Western District of New York, the defendant, JAVONE GLASS did knowingly, willfully and unlawfully conspire and agree with others . . . , to obtain or take the personal property of another, or from the presence of another, against the victim's will, by actual or threatened force, violence, or fear of injury; and,
> b) That the object of the robbery offense was two kilograms of cocaine. . .
> . . . .
> d) On or about October 17, 2007, in the City of Rochester, County of Monroe, Western District of New York, the defendant, JAVONE GLASS, possessed five (5) grams or more of cocaine base with intent to distribute.
> e) That the defendant knowingly, intentionally and unlawfully possessed said cocaine base with the intent to distribute the same within the Western District of New York.
> . . . .
> g) On or about October 17, 2007 in the City of Rochester, County of Monroe, Western District of New York, the defendant, JAVONE GLASS, did knowingly possess two (2) firearms. . .
> h) That said firearms were possessed *during and in relation to a crime of violence* for which he may have been prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1951(a), *to wit: conspiracy to obstruct commerce by robbery*, *and a drug trafficking crime* for which he may have been prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841 (a) (1), *to wit: knowing possession with intent to distribute cocaine base*. . . .

(Plea Agreement, pp. 6-7) (emphases supplied). This case is therefore unlike Gomez insofar as the Court does not have to speculate whether the § 924(c)(1) conviction was based on his possession of a firearm during the conspiracy to commit Hobbs Act

-11-

robbery *or* during the crime of possessing cocaine base with intent to distribute. The Plea Agreement, quoted above, provides a basis for concluding that Glass, in Count III, pled guilty to carrying a firearm in furtherance of a drug trafficking crime and also pled guilty to carrying a firearm in furtherance of a conspiracy to commit Hobbs Act robbery. Therefore, the Court finds Glass's challenge to his conviction on Count III to be without merit.

In light of this conclusion, which reiterates the Court's earlier ruling that vacatur of his conviction on Count III is not warranted, the Court need not address the issue of whether Glass's conviction for conspiracy to commit Hobbs Act robbery is a "crime of violence" for purposes of § 924(c).

## CONCLUSION

For the reasons discussed above, the Court denies Glass's Motion for Reconsideration, and adheres to its original Decision and Order denying Glass's Section 2255 Motion. Because Glass has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

**S/Michael A. Telesca**

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   January 12, 2017
         Rochester, New York